## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| DEANTE WALKER, INDIVIDUALLY, | : | |
| AND AS ADMINISTRATOR OF THE | : | |
| ESTATE OF REGINALD E. WALKER, | : | |
| DECEASED, AND DEBORAH WALKER, | : | |
| AS NEXT FRIEND AND CONSERVATOR | : | |
| OF REGINALD WALKER, JR., | : | |
| A MINOR CHILD, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NORTH AMERICAN SPECIALTY | : | |
| INSURANCE COMPANY, FIREMAN'S | : | |
| FUND INSURANCE COMPANY, | : | |
| GREAT AMERICAN INSURANCE | : | |
| COMPANY, AND FEDERAL | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | CASE NO.: 1:14-CV-69 (WLS) |
| | : | |
| NORTH AMERICAN SPECIALTY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant/Counter-Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEANTE WALKER, *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs/Counter-Defendants. | : | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 112), Plaintiffs' Motion for Relief Pursuant to Fed. R. Civ. P. 60 (Doc. 115), and Plaintiffs' Motion to Amend Findings or Make Additional Findings Pursuant to Fed. R. Civ. P. 52(b) and to Alter

or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 121.)  These motions pertain to this Court's Order (Doc. 110) dated March 31, 2016, granting Defendant's Motion for Summary Judgment.  After a recitation of the pertinent procedural history, the Court will address each of the pending motions in turn.

## PROCEDURAL HISTORY

On April 25, 2014, Defendants removed this case from the State Court of Dougherty County, Georgia.  (Doc. 1.)  Plaintiffs' Complaint alleged a breach of contract and a bad faith claim against Defendants.  (Doc. 1-6.)  On May 16, 2014, Defendant North American Specialty Insurance Company ("NAS") answered Plaintiffs' Complaint and filed a Counterclaim against Plaintiffs seeking declaratory judgment that NAS did not owe any underinsured motorist benefits or any other relief.  (Doc. 21.)

On July 2, 2015, Defendants filed a Joint Motion for Summary Judgment.  (Doc. 83.)  On August 21, 2015, Plaintiffs filed a Motion to Voluntary Dismiss Count Two of the Complaint, alleging bad faith, without prejudice.  (Doc. 95.)  The Court entered a ruling on Defendants' Joint Motion for Summary Judgment on March 31, 2016.  (Doc. 110.)  The Court's found that NAS did not breach any contractual obligation to the Plaintiffs because as of the time the Plaintiffs initiated the present action, Plaintiffs failed to exhaust available liability coverage.  (*Id.* at 12.)  However, the Court also declined to grant declaratory judgment in favor of NAS regarding its Counterclaim.  (*Id.*)  Because the Court found that Plaintiffs', at that time, potential settlement agreement with Electric could possibly trigger NAS's obligation to provide uninsured motorist coverage in the future, the Court declined to enter a judgment that would essentially be premature.  (*Id.*)

Plaintiffs subsequently filed a Motion for Reconsideration on April 14, 2016, a Motion for Relief from Judgment on April 14, 2016, and a Motion to Amend Findings on April 27, 2016. (Docs. 112, 115, 121.)

## DISCUSSION

I.   **Walkers' Motion for Reconsideration**

Plaintiffs filed the instant Motion for Reconsideration on April 14, 2016.  (Doc. 112.)  Wherein, Plaintiffs request that this Court reconsider its grant of Defendants' Motion for

Summary Judgment and enter an order denying said Motion instead. (Doc. 112-1 at 1.) Plaintiffs aver grounds for reconsideration are that the (1) Court overlooked evidence in its prior order, (2) new evidence developed since briefing, and (3) that a clear error of law was inadvertently made by the Court. (*Id.*) The Court will now consider each of Plaintiffs' proffered reasons in turn.

Under the Local Rules, motions for reconsideration "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "The only grounds for granting a motion for reconsideration are newly discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Finan.,* 488 Fed. App'x 426, 428 (11th Cir. 2012)(citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009)(citation omitted). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* at 957; s*ee also Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 U.S. Dist. LEXIS 64825, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)(finding motions for consideration are only appropriate where the movant can show "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.")(citation omitted); *McCoy v. Macon Water Auth.,* 966 F. Supp. 1209, 1223 (M.D. Ga. 1997)("In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived.").

A. Mistake

Plaintiffs argue the Electric policy was exhausted by the time Plaintiffs opposed Defendants' Motion for Summary Judgment, and that the proof of exhaustion on the record created, at minimum, a genuine issue of material fact sufficient to deny summary judgment. (Doc. 112-1 at 2.) Plaintiffs note that the Court, in it's prior order (Doc. 110), stated that the

Electric policy was not exhausted. (*Id.*) Although Plaintiffs do not plainly state this as a mistake by the Court, the Court infers as much.

The Court finds that it was not a mistake or error for the Court to conclude that the Electric policy was not exhausted by March 10, 2014.  In its prior order, the Court found settlement between Electric and the Walkers was not final and thus a mere possibility at that time. Electric offered to settle the claim for a set amount. (Doc. 98 at 4.) Counsel for Plaintiffs accepted the offer, but conditioned acceptance of the offer upon certain terms, specifically the settlement could not discharge Williams or Doors. (*Id.* at 6.) Those facts were all the facts available to the Court concerning the Electric Policy. But one fact was unequivocally clear from the evidence, the Electric policy was not exhausted before suit was initiated.

The Court was unaware whether continuing liability of Williams and Doors would eradicate the settlement agreement. Thus, from the information available to the Court regarding the Electric policy, settlement appeared to be plausible but not yet final. Further, Plaintiffs' response brief argued the Electric policy was exhausted. (Doc. 102 at 6.) This contention and supporting documentation was considered by the Court in its prior order. Lastly, the Court notes that its finding was based upon the relevant time period in question. The Court's conclusion does not go so far to express an opinion that Plaintiff would never exhaust the Electric policy.

B.  Newly Discovered Evidence

Plaintiffs claim to provide the Court with new and additional information. (Doc. 112-1.) Counsel for Plaintiff submitted a new affidavit attached to Plaintiff's Motion for Reconsideration. (Doc. 112-3.) Attached to the affidavit are exhibits purporting to evidence exhaustion of the underlying Electric policy and execution of a limited liability release by Plaintiff in receipt of the policy's funds. (*Id.*)

"Where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. United States Postal Service,* 122 F.3d 43, 46 (11th Cir. 1997). "On a motion for reconsideration a party is 'obliged to show

not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not have discovered and produced such evidence.'" *Id.* at n.6. The Court finds that Plaintiffs' information is not "newly" discovered evidence and should have been produced during the pendency of the motion for summary judgment.

Here, Defendants filed a Joint Motion for Summary Judgment on July 2, 2015. (Doc. 83.) Plaintiff filed a response thereto on August 21, 2015. (Doc. 102.) Defendants filed a joint reply on September 22, 2015. (Doc. 106.) The Court, however, did not enter an order ruling upon Defendants' Motion for Summary Judgment until March 31, 2016. (Doc. 110.) Exhibits A and B (Doc. 112-3) attached to Plaintiff Counsel's second affidavit are email communications that were already on the record prior to this Court's entry of summary judgment. (Doc. 98 at 3-7.) What is "new" is a copy of the "Release of All Claims and Indemnity Agreement" between the Walkers and Electric, executed on October 22, 2015, and a copy of the check issuing policy funds to the Walkers, dated September 2, 2015. (Doc. 112-3 at 9-17.)

The Court finds that the information Plaintiffs' characterize as "new" was both discoverable and could have and should have been produced upon the record in this case during the pendency of the summary judgment motion.  The Court notes that based upon the date of the "new evidence," the information was available to Plaintiff shortly after briefing had concluded but well before the Court entered an order ruling upon Defendants' Motion for Summary Judgment. Although Plaintiffs had highlighted some of the information to the Court in its response, Plaintiffs had the duty of updating the Court with any important changes or new and relevant information regarding its claims. Therefore, the Court declines to review the "new" evidence as grounds for reconsideration.

C.  Clear Error or Manifest Injustice

In Plaintiffs' Motion for Reconsideration, Plaintiffs attempt to rehash an issue the Court has already duly considered and ruled upon. Although Plaintiffs claim that they did in fact exhaust the Electric Policy, their argument is based upon untimely exhaustion. Plaintiffs contend that they exhausted the Electric policy "by the time they opposed [Defendants']

summary judgment motion." (Doc. 112-1 at 3.) The Court in its prior Order has stated the following regarding Plaintiffs' argument:

> The Walkers' first argument is largely predicated on their assertion that exhaustion on insurance coverage of a tortfeasor is a prerequisite to recovery, not a prerequisite for bringing a claim. The Walkers argument is a distinction that attempts to conflate and confuse the central question before the Court here: whether or not Defendants breached their contractual obligation to the Walkers. At the time the Walkers initiated this case, they failed to exhaust all available insurance of Williams and Door. O.C.G.A. § 33-7-11 is unequivocal in its requirement that uninsured motorist coverage attaches after, not before, the tortfeasor's insurance is exhausted. As a consequence, there is no evidence supporting the Walkers' assertion Defendants were obligated to provide uninsured or underinsured motorist insurance prior to the point of proper attachment.

(Doc. 110 at 11.)

"In Georgia, insurance is a matter of contract." *Ga. Cas. & Sur. Co. v. Woodcraft by McDonald, Inc.,* 726 S.E.2d 793, 797 (Ga. Ct. App. 2012)(citation omitted). "The elements for a breach of contract claim . . . are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Duke Galish, LLC v. Manton*, 707 S.E.2d 555, 559 (Ga. Ct. App. 2011). Further, "[e]xcess or secondary coverage is coverage whereby, under the terms of the policy, liability attaches only after a predetermined amount of primary coverage has been exhausted." *Coker v. Am. Guar. & Liab. Ins. Co.,* 825 F.3d 1287, 1924 (11th Cir. 2016). "Thus, excess policies, by their very nature, contain an exhaustion requirement." *Id.*; *see Atl. Wood Indus. v. Lumbermen's Underwriting All.,* 396 S.E.2d 541, 545 (Ga. Ct. App. 1990)(concluding that the exhaustion of the limits of a primary liability policy was "a condition precedent" to recovery under an excess policy).

Plaintiffs seem to not understand the underlying contract principle of breach. In order for there to be a breach, there first must have been an underlying duty to perform. Basic contract principles dictate that there cannot be a breach before there is a duty. Georgia law requires that before Defendants' duty to perform (i.e. provide uninsured or underinsured motorist benefits) arises, Plaintiffs' must exhaust other underlying policies. Thus, there is a prerequisite to Defendants' duty arising: exhaustion. *See Atl. Wood Indus.,* 396 S.E.2d at 545 (finding exhaustion to be a condition precedent to excess liability insurer's duty and plaintiff

would only have a viable breach of contract claim if, and only if, exhaustion occurred). Said exhaustion according to Plaintiffs occurred *after initiation* of the instant suit but before Plaintiffs opposed Defendants' motion for summary judgment. Therefore, prior to Plaintiffs filing suit, Defendants did not have a duty and because Defendants did not have a duty, Defendants could not have breached said duty. Plaintiffs' Complaint is thus both defective and premature as it alleges a breach where there was not a duty to perform. *See* O.C.G.A. § 13-3-4 ("Conditions may be precedent or subsequent. A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party."). Thus, Plaintiffs' Motion for Reconsideration is hereby **DENIED**.

II.   **Walkers' Motion to Amend Findings and Alter or Amend Judgment Pursuant to Fed. R. Civ. P 52(b) and 59(e)**

Plaintiffs filed the instant Motion seeking relief pursuant to Federal Rules of Civil Procedure 52(b) and 59(e) on April 27, 2016. (Doc. 121.) The Court construes Plaintiffs' Motion as a motion filed pursuant to Rule 59(e) alone.[1] A motion for reconsideration and a motion to amend pursuant to Rule 59(e) are, in all respects, substantially the same. *See Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010)("In *Arthur v. King,* we observed that [t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact. [A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.")(quotations and citations omitted). Plaintiffs' Motion to Amend contains language, if not almost, then completely identical to its Motion for Reconsideration. (*See* Doc. 112.) As such, the Court applies its same analysis provided for Plaintiffs' Motion for Reconsideration here. The Court rests on its prior Order and the aforementioned reasons stated herein, as the law has not changed, Plaintiffs provided no additional support for their defective argument, or any additional rationale as grounds for reconsideration other than the same argument the Court has already rejected. In the interests of brevity and efficiency, the

---

[1] Some Courts have held that a Rule 52(b) motion is improper where a district court has entered an order on a motion for summary judgment because the court does not engage in fact-finding within the meaning of Rule 52. *See Silva v. Potter,* No. 804-CV-2542-T1-EAJ, 2009 WL 3219232, 2006 U.S. Dist. LEXIS 80907 at *4-6 (M.D. Fla. Nov. 6, 2006)(discussing difference between Rule 52(b) and Rule 59(2) and surveying caselaw).

same law and findings will not be repeated. Accordingly, Plaintiffs' Motion to Amend is hereby **DENIED**.

III.     **Walkers' Motion for Relief Pursuant to Fed. R. Civ. P 60**

Plaintiffs filed the instant Motion seeking relief pursuant to Rule 60 on April 14, 2016. (Doc. 115.) Plaintiffs' Rule 60 Motion contains substantially the same arguments Plaintiffs' asserted in its Motion for Reconsideration and Motion to Amend. However, Rule 59(e) and Rule 60(b) are distinct. *Aird v. United States,* 399 F.Supp.2d 1305, 1310 n.7 (S.D. Ala. 2004)(citing *Finch v. City of Vernon,* 845 F.2d 256, 258 (11th Cir. 1988)). The Eleventh Circuit has distinguished Rule 59(e) motions from Rule 60(b) motions in the past on the notion that Rule 59 applies to motions for reconsideration on the merits, while Rule 60 applies to motions for reconsideration on matters collateral to the merits. *Id.* But the Eleventh Circuit has also acknowledged that Rule 59(e) and Rule 60(b) appear to overlap to some extent. *Id.* Under a Rule 60 Motion, a party is able to raise additional basis for relief from judgment aside from mistake, newly discovered evidence and clear error. *See* Fed. R. Civ. P. 60; *see also Gulf Power Co. v. Coalsales II*, LLC, 2011 WL 3269412, 2011 U.S. Dist. LEXIS 83428 at *2-4 (N.D. Fla. July 29, 2011)(discussing difference between Rule 59(e) and Rule 60). Plaintiffs have not raised any additional arguments not included in its Motion for Reconsideration and Motion to Amend or that the Court has not already duly considered.

Plaintiffs do attempt to argue that if the Court finds Plaintiffs' suit is premature then relief from judgment is warranted, concluding it would be necessary to avoid future expense and litigation. (Doc. 115-1 at 5.) The Court construes this argument as request for relief under Rule 60(b)(6). "Relief from judgment under Rule 60(b)(6) is an extraordinary remedy." *Arthur*, 739 F.3d at 628. "Consequently relief under Rule 60(b)(6) requires showing extraordinary circumstances justifying the reopening of a final judgment." *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Id.* (*citing Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1317 (11th Cir. 2000)).

The Court disagrees with Plaintiffs. The Court does not find any facts warranting final judgment in this case to be reopened. The Court finds that if this case were reopened, it

8

would cause considerably even more expense and litigation in the future. This particular case deals with one alleged act of breach of contract. Plaintiffs may still be able to file a claim in the future alleging and pertaining to future or post-judgment breaches of contract.[2] The law is clear that a subsequent breach of contract arising after initiation of a prior suit is not barred by either claim preclusion or res judicata.[3] Therefore, the Court does not find any harm to the Plaintiff. Thus, Plaintiffs' Motion to Relief Pursuant to Rule 60 is **DENIED**.

<u>**CONCLUSION**</u>

For the aforementioned reasons, Plaintiffs' Motion for Reconsideration (Doc. 112), Motion for Relief from Judgment (Doc. 115) and Motion to Amend Judgment (Doc. 121) are hereby **DENIED**.

**SO ORDERED**, this <u>24th</u> day of January, 2016.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] *But see Coker,* 825 F.3d at 1296 (11th Cir. 2016)(finding O.C.G.A. § 33-7-11 does not supersede a vertical exhaustion requirement in an excess insurance policy.)

[3] *See Sherrod v. School Bd. of Palm Beach County,* 272 Fed. App'x 828, 830-31(11th Cir. 2008)("Preclusion of claims that 'could have been brought' does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in an amended pleading, but res judicata does not bar the claim simply because the plaintiff elected not to amend his complaint. This is true even if the plaintiff discussed the facts supporting the subsequent claim in support of his claims in the prior case.").